IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN CUNNINGHAM, individually, | § | |
| and on behalf of minor children A.C., | § | |
| B.C., M.C., K.C., C.C., | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 3:24-CV-0154-D |
| | § | |
| VS. | § | |
| | § | |
| DONALD TURNER, (in his official | § | |
| capacity), et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, plaintiff Brian Cunningham ("Cunningham"), individually and on behalf of his minor children, alleges federal- and state-law claims against nine defendants that relate to an underlying state-court child custody and child support dispute. In seven motions, defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), presenting jurisdictional issues based, *inter alia*, on sovereign and judicial immunity, and questions concerning whether Cunningham has stated federal- and state-law claims on which relief can be granted. Cunningham has not responded to the motions. For the reasons explained, the court grants the motions to dismiss of Attorney General Kenneth Paxton ("General Paxton") and Judges Donald Turner ("Judge Turner"), Ashley Wysocki ("Judge Wysocki"), and Mary L. Murphy ("Judge Murphy") under Rule 12(b)(1) and today enters Rule 54(b) final judgments of dismissal in their favor. The court does not reach the remaining defendants' motions to dismiss under Rule 12(b)(6) because it preliminarily

concludes that Cunningham's first amended complaint ("amended complaint") fails to comply with the pleading requirements of Rule 8(a). The court grants Cunningham leave to file a second amended complaint.

I

The court lacks jurisdiction over Cunningham's claims against General Paxton and Judges Turner, Wysocki, and Murphy.

General Paxton is named in his official capacity, and the Attorney General's Office is a state agency entitled to Eleventh Amendment sovereign immunity absent congressional abrogation or voluntary waiver. *See* Tex. Gov't Code Ann. § 311.034 (West 2005); *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Texas has not abrogated sovereign immunity for the claims that Cunningham asserts against General Paxton. *See Early v. S. Univ. & Agr. & Mech. Coll. Bd. of Sup'rs*, 252 Fed. Appx. 698, 700 (5th Cir. 2007) (per curiam) (concluding that Eleventh Amendment sovereign immunity barred claims under 42 U.S.C. §§ 1981, 1985, and 1986). Accordingly, General Paxton is entitled to sovereign immunity, and Cunningham's claims against him are dismissed.

Judges Turner, Wysocki, and Murphy are also named in their official capacities as state court judges. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Cunningham's claims arise out of the judges' rulings in adjudicating his children's custody and support. Accordingly, the court concludes that Judges Turner, Wysocki, and Murphy are entitled to judicial immunity and that

Cunningham's claims against them should be dismissed.

II

The court does not reach the remaining defendants' motions to dismiss under Rule 12(b)(6) because it preliminarily concludes that Cunningham's amended complaint fails to comply with the pleading requirements of Rule 8(a).

Rule 8(a) requires, *inter alia*, that a plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Rule 8's purpose is to "put the defendant on notice as to the nature of the claim against him and the relief sought." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 574 (2007). Cunningham's amended complaint is in several respects insufficient to put defendants on notice because, among other defects, it is replete with allegations that group all nine defendants together and makes conclusory assertions regarding their actions.

To take one example, in support of his civil rights claim under 42 U.S.C. § 1985(3), Cunningham alleges that "[a]s to each of the above causes of action, by the facts set out herein, Defendants, in whole or in part, conspired with each other," and "[a]s a direct and proximate result of Defendants' acts in furtherance of their conspiracy while acting under

color [of] state law, Plaintiff was deprived of due process rights under the Fourteenth Amendment and suffered injuries and damages." P. Am. Compl. (ECF No. 2) at 8, ¶¶ 46-47. Cunningham's pleading does not indicate how or when any agreement among the defendants was made or which defendants made an agreement. *See Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994) (holding that the parties' agreement is a necessary element under a § 1985(3) claim); *see also Jackson v. Biedenharn*, 429 Fed. Appx. 369, 372 (5th Cir. 2011) (per curiam) (explaining that plaintiff's assertions that the defendants entered into an agreement, unsupported by specific facts, were insufficient under § 1985(3)). Moreover, the amended complaint does not describe any of the actions that defendants allegedly took in furtherance of the conspiracy. *See Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994) (explaining the elements that a plaintiff must allege to state a claim under § 1985(3)). Last, Cunningham's pleading makes no allegations regarding whether he is a member of a racial minority or whether any defendants were motivated by racial animus. *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("[I]n this circuit . . . the only conspiracies actionable under section 1985(3) are those motivated by racial animus.") (quoting *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987)).

In addition to the defects that are the result of impermissible grouping and conclusory allegations, Cunningham asserts claims that are implausible. For example, he alleges a claim for official oppression under § 39.03 of the Texas Penal Code. But that statute does not provide a private cause of action. *See Taylor v. El Centro Coll.*, 2022 WL 102611, at *7 (N.D. Tex. Jan. 10, 2022) (Fitzwater, J.) (citing *Hulett v. City of Dallas*, 2000 WL 1010674,

at *8 (N.D. Tex. July 20, 2000) (Kendall, J.) ("Plaintiff's official oppression claim fails against all Defendants because it is a criminal offense and not a cause of action that Plaintiff can allege against Defendants.")).

Cunningham also asserts a claim for a violation of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681, *et seq.* He alleges that General Paxton "provided erroneous information to credit bureaus" that "shows on Plaintiff's credit report." P. Am. Compl. (ECF No. 2) at 9, ¶ 48. But the FCRA expressly precludes a private right of action for breaches of the duty to provide accurate information. *See Young v. Equifax Credit Info Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (acknowledging that § 1681s-2(d) provides that enforcement of § 1681s-2(a), prohibiting reporting of inaccurate information, shall be by government officials); *see also Owens v. TransUnion, LLC*, 2021 WL 5086370, at *5 (E.D. Tex. Aug. 30, 2021) (collecting cases holding that § 1681s-2(a) does not create a private cause of action).

Accordingly, before reaching the remaining defendants' challenges to Cunningham's amended complaint under Rule 12(b)(6), the court will require that he comply with Rule 8.

* * *

The court grants the motions to dismiss of General Paxton and Judges Turner, Wysocki, and Murphy under Rule 12(b)(1) and dismisses the actions against them by Rule 54(b) final judgment today. The court grants the remaining defendants' motions to dismiss, but does so on the ground that the amended complaint does not comply with Rule 8. The court grants Cunningham 28 days from the date this memorandum opinion and order is filed

to file a second amended complaint.

    **SO ORDERED**.

    May 31, 2024.

                                               SIDNEY A. FITZWATER
                                               SENIOR JUDGE