IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN CUNNINGHAM, individually, | § | |
| and on behalf of minor children A.C., | § | |
| B.C., M.C., K.C., C.C., | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 3:24-CV-0154-D |
| | § | |
| VS. | § | |
| | § | |
| DONALD TURNER, (in his official | § | |
| capacity), et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, plaintiff Brian Cunningham ("Cunningham"), individually and on behalf of his minor children, alleges against five defendants federal- and state-law claims that relate to an underlying state-court child custody and child support dispute. In four separate motions, defendants Sara Barnett ("Barnett"), Genesis Women's Shelter ("Genesis"), Katrina Parker ("Parker"), and Myra Kirkland ("Kirkland") (collectively, the "Moving Defendants") move to dismiss Cunningham's amended complaint under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). For the reasons that follow, the court denies the Rule 12(b)(1) motion, grants the Rule 12(b)(6) motions as to Cunningham's federal-law claims against the Moving Defendants, declines to exercise supplemental jurisdiction over Cunningham's state-law claims, and grants Cunningham one last opportunity to amend in order to state a claim on which relief can be granted.

I

Cunningham and defendant Shantavious Russell ("Russell") are the parents of five minor children. After Cunningham and Russell separated in 2013, the children resided solely with Cunningham until February 2018, when Russell allegedly picked them up from school and, with the help of defendants Barnett (Russell's attorney) and Genesis, obtained sole custody and control of the children.

After a period of several years during which the children were not permitted to have any contact with Cunningham, they contacted him to report that Russell was physically, sexually, and mentally abusing them. Cunningham recorded the call and reported the alleged abuse to Child Protective Services ("CPS"). His mother—the children's grandmother—intervened and obtained custody of the children.

With the aid of her attorney, Russell filed a motion to have the children removed from their grandmother's custody and placed with their mother's cousin. Judge Donald Turner II ("Judge Turner") initially granted the motion, but after being presented with evidence that the children would be at risk of additional harm if placed in the custody of the cousin, Judge Turner granted Cunningham's mother's emergency request for a protective order, and the children remained with their grandmother.

Following a November 2022 Zoom hearing, and after a CPS investigation by defendant Parker, Judge Turner returned the children to Russell's custody. He also awarded Russell back child support.

In January 2024 Cunningham filed the instant lawsuit against Judge Turner, Barnett,

Genesis, Russell, Parker, Kirkland, Attorney General Ken Paxton ("General Paxton"), and Judges Ashley Wysocki ("Judge Wysocki") and Mary L. Murphy ("Judge Murphy"), alleging various federal- and state-law claims. In *Cunningham v. Turner* (*Cunningham I*), 2024 WL 2804930, at *1 (N.D. Tex. May 31, 2024) (Fitzwater, J.), the court dismissed Cunningham's actions against General Paxton and Judges Turner, Wysocki, and Murphy based on sovereign and judicial immunity and entered Rule 54(b) final judgments in their favor. As to Cunningham's claims against the remaining defendants, the court held that the complaint failed to meet the pleading requirements of Rule 8(a), but it granted Cunningham leave replead. *Id.* at *2.

Cunningham then filed his second amended complaint ("amended complaint"), which is the operative pleading in this matter. In the amended complaint, Cunningham brings claims under 42 U.S.C. §§ 1983 and 1985 against all defendants, alleging deprivations of his Fourteenth Amendment due process right and conspiracy to deprive him of those rights. He also alleges a malicious prosecution claim against Russell, Barnett, and Genesis. The Moving Defendants now move to dismiss the amended complaint under Rule 12(b)(6), and Genesis also moves to dismiss under Rule 12(b)(1). Cunningham opposes the motions, which the court is deciding on the briefs, without oral argument.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). When challenging subject matter jurisdiction under Rule 12(b)(1),

a party can make a facial attack or a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). If, as here, the party merely files a Rule 12(b)(1) motion, the attack is considered facial, and the court looks only at the sufficiency of the allegations in the complaint and assumes them to be true. *Id*. If the allegations are sufficient to allege jurisdiction, the court must deny the motion. *Id*. This is akin to a Rule 12(b)(6) motion in that the "pleading's allegations are presumed to be true, and '[i]f those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit.'" *Vinmar Overseas, Ltd. v. OceanConnect, LLC*, 2012 WL 3599486, at *4 (S.D. Tex. Aug. 20, 2012) (Rosenthal, J.) (alteration in original) (quoting *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 286 (N.D. Tex. 2012) (Boyle, J.)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiff['s] . . . complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (internal quotation marks and alteration omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive defendants' motions, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

### III

The court first considers Genesis' argument that the *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction over Cunningham's claims because they are "inextricably intertwined" with the matters at issue in the underlying state court child custody proceeding.

### A

The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction "to entertain collateral attacks on state court judgments." *Kam v. Dallas Cnty.*, 756 Fed. Appx. 455, 455 (5th Cir. 2019) (per curiam) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused

by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine has four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citation omitted). The *Rooker-Feldman* doctrine prohibits federal review of "the precise claims presented to the state court," as well as "claims that are 'inextricably intertwined' with a state court decision." *Kam*, 756 Fed. Appx. at 455-56 (quoting *Burciaga*, 871 F.3d at 384-85). But it "does not bar a federal lawsuit simply because it challenges the state court's legal conclusions or alleges that the parties misled the state court." *Saloom v. Tex. Dep't of Fam. & Child Protective Servs.*, 578 Fed. Appx. 426, 429 (5th Cir. 2014) (per curiam) (citing *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383-84 (5th Cir. 2013)). The *Rooker-Feldman* doctrine "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached'" and "generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment." *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (quoting *Exxon Mobil Corp.*, 544 U.S. at 293).

B

In the present case, Cunningham does not seek to overturn the state court's ruling in

the underlying custody and child support dispute.[1] Instead, he challenges defendants' conduct *prior to* the entry of any state court orders by alleging, *inter alia*, that defendants provided false and fabricated evidence to the court, conspired to present fraudulent evidence to law enforcement officials and the Dallas County courts, framed him by filing false criminal charges alleging that he committed domestic assault, and threatened and intimidated his children into providing false statements.

As noted above, *Rooker-Feldman* "does not bar a federal lawsuit simply because it . . . alleges that the parties misled the state court." *Saloom*, 578 Fed. Appx. at 429 (citing *Truong*, 717 F.3d at 383-84). Nor does the doctrine apply "if the alleged injuries were caused by the defendants' actions rather than by the state court judgment, even if the defendants' actions led to the state court judgment." *Id.* (citing *Truong*, 717 F.3d at 382-84). Cunningham does not contend that any state-court judgment interfered with his civil rights; rather, he contends that defendants, who are private parties, maliciously conspired to deprive him of custody of his children through the use of lies and false accusations. These claims do not constitute a collateral attack on a state-court judgment. *See, e.g.*, *Mosley v. Bowie Cnty. Tex.*, 275 Fed. Appx. 327, 329 (5th Cir. 2008) (per curiam) (holding that claims collaterally attacking state court judgment ordering payment of child support are barred under *Rooker-Feldman* doctrine, but "reach[ing] a different result as to the [plaintiffs'] claims that the

---

[1] *See* P. Resp. (ECF No. 49) at 3 ("Plaintiff's Amended Complaint has made absolutely no request whatsoever that this court review, re-decide, modify, or in any way address any of the lower court rulings, regardless of how erroneous they may be.").

defendants violated their constitutional rights in the effort to enforce the state child support judgment . . . [b]ecause such claims do not ask the district court to 'review, modify, or nullify' a final order of a state court" (citation omitted)); *Thomas v. Texas*, 294 F.Supp.3d 576, 598 (N.D. Tex. Feb. 13, 2018) (Ramirez, J.) ("As for [plaintiff's] allegations that [defendants] produced and offered false and defamatory documents against her in state court, 'claims that private parties misled the state court are not barred by the *Rooker-Feldman* doctrine.'" (quoting *Saloom*, 578 Fed. Appx. at 429)), *rec adopted*, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (Godbey, J.); *Crank v. Crank*, 1997 WL 22815, at *2 (N.D. Tex. Jan. 14, 1997) (Fitzwater, J.) (holding that *Rooker-Feldman* doctrine did not deprive court of jurisdiction to the extent that plaintiff sought monetary relief for defendants' malicious conduct in connection with state-court child custody lawsuit).

The court holds that Cunningham's claims are not barred by the *Rooker-Feldman* doctrine. Accordingly, it denies Genesis' motion to dismiss under Rule 12(b)(1) and turns to the Moving Defendants' motions to dismiss under Rule 12(b)(6).

IV

The court begins with Cunningham's claim under 42 U.S.C. § 1983[2] for the violation

---

[2]The court assumes that Cunningham intends to bring his Fourteenth Amendment claim under 42 U.S.C. § 1983, which "serves as the vehicle for enforcing constitutional rights elsewhere conferred." *Carr v. Baynham*, 2008 WL 1696881, at *2 (E.D. Tex. Apr. 9, 2008) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citing cases).

of his Fourteenth Amendment due process rights, which he brings against "all Defendants." Am. Compl. 8.

A

Barnett and Genesis move to dismiss Cunningham's § 1983 claim on the grounds that Cunningham has not pleaded that they acted under color of state law or that their actions caused his alleged injury. Cunningham responds that he "alleges no § 1983 claims against Barnett," P. Br. (ECF No. 50) at 2, and that his amended complaint "does not make any allegations whatsoever of any § 1983 claims against Genesis," P. Br. (ECF No. 49) at 4. Accordingly, the court grants defendants' motions to dismiss as to these claims.

B

Parker moves to dismiss Cunningham's § 1983 claim on the ground that he has failed to plead "in what capacity Parker acted, and particularly, whether she acted under color of state law." Parker Br. (ECF No. 41) at 4. She also moves to dismiss on the ground that Cunningham's allegations plead only that she acted with negligence, which is insufficient to support a § 1983 claim.

In response, Cunningham makes the following concession:

> Plaintiff concedes that his Amended Complaint does not sufficiently state all elements of his § 1983 claims against Parker. This was a clerical error. Counsel inadvertently uploaded the wrong version of the Amended Complaint. Plaintiff respectfully requests leave to amend his pleadings.

P. Br. (ECF No. 52) at 4 (footnote omitted). In a footnote, Cunningham explains that his counsel "accidentally attached the incorrect verison [of the amended complaint] without saved changes which omitted several paragraphs as well as a few other clerical errors including excluded parties." *Id.* at 4 n.22.

Because Cunningham acknowledges that his amended complaint does not plausibly allege a § 1983 claim against Parker, the court grants Parker's motion to dismiss this claim. The court addresses, below, *see infra* § VII, Cunningham's request for leave to file an amended complaint.

C

The court next turns to Kirkland's motion to dismiss Cunningham's § 1983 claim asserted against her. Cunningham sues Kirkland in her official capacity. Am. Compl. ¶ 8. "[A] suit against a governmental officer in [her] official capacity is the same as a suit against the entity of which the officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir.1999) (quotation marks, citations, and brackets omitted). Kirkland moves to dismiss Cunningham's § 1983 claim on the grounds that the amended complaint fails to plead non-conclusory facts sufficient to permit an inference that a Dallas County policy was the moving force and actual cause of a deprivation of Cunningham's constitutional rights, and, further, that an official Dallas County policymaker had actual or constructive knowledge of the offending County policy.

Cunningham responds the same way he did to Parker's motion to dismiss: i.e., by conceding that the amended complaint does not sufficiently state all of the elements of his

§ 1983 claim against Kirkland and requesting leave to amend. Because Cunningham acknowledges that the amended complaint does not plausibly allege a § 1983 claim against Kirkland, in her official capacity, the court grants Kirkland's motion to dismiss this claim. The court addresses, below, *see infra* § VII, Cunningham's request for leave to file an amended complaint.

V

The court next considers Cunningham's claim under 42 U.S.C. § 1985(3) for conspiracy to deprive him of his Fourteenth Amendment due process rights.

Section 1985 "creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). Subsection 3 prohibits a conspiracy to deprive any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the law. 42 U.S.C. § 1985(3). To establish a § 1985(3) claim, a plaintiff must demonstrate that:

> (1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus.

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (quoting *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir. 1989)).

The Moving Defendants each move to dismiss Cunningham's § 1985(3) claim on the ground, *inter alia*, that the amended complaint does not allege that Cunningham was a member of a discrete class or that any of the supposed conspirators was motived by race- or class-based animus. Cunningham responds:

> Although Plaintiff's Amended Complaint does not specifically state so, Plaintiff is a member of a protected class. He is African-American male. All of the allegations in his complaint are based on race-based animus and gender discrimination. Plaintiff requests leave to file the correct version of his Amended Complaint.

P. Br. (ECF No. 49) at 5; P. Br. (ECF No. 51) at 5; P. Br. (ECF No. 52) at 5; *see also* P. Br. (ECF No. 50) at 5 (requesting "leave to add his racial and gender demographics to his complaint.").

As in *Cunningham I*, Cunningham's amended complaint "makes no allegations regarding whether he is a member of a racial minority or whether any defendants were motivated by racial animus." *Cunningham I*, 2024 WL 2804930, at *2 (citing *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("[I]n this circuit . . . the only conspiracies actionable under section 1985(3) are those motivated by racial animus.")). Nor would his conclusory statement that "[a]ll of the allegations in his complaint are based on race-based animus and gender discrimination," even if pleaded, be sufficient to plausibly allege that "a racial or class-based discriminatory animus lay behind the conspiracy." *Horaist*, 255 F.3d at 270 (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)). Accordingly, because Cunningham has not pleaded a race- or class-based conspiracy, the

court grants defendants' motions to dismiss his § 1985(3) claims. *See, e.g.*, *id.* at 271 ("[Plaintiff] has alleged no racial animus, so her claim fails; the district court correctly dismissed it under Fed. R. Civ. P. 12(b)(6)."). The court addresses, below, *see infra* § VII, Cunningham's request for leave to file an amended complaint.

## VI

The court now turns to Cunningham's claim against Barnett and Genesis for malicious prosecution, which he brings only under Texas law. *See* P. Br. (ECF No. 50) at 2 ("Plaintiff alleges Malicious Prosecution Claims under Texas state law."); P. Br. (ECF No. 49) at 7 ("There is no requirement that a malicious prosecution claim brought *pursuant to Texas state law* requires a state actor." (emphasis added)). Although this court can exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a), in this circuit "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Having dismissed Cunningham's federal-law claims, the court in its discretion declines to exercise supplemental jurisdiction over his state-law claim. Accordingly, the court dismisses Cunningham's state-law malicious prosecution claim without prejudice.

## VII

Although the court is granting defendants' motions, and although the court has already given Cunningham one opportunity to amend, it will grant him one last opportunity to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading

deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Cunningham has not stated that he cannot, or is unwilling to, cure the defects that the court has identified.[3] The court will therefore grant him 28 days from the date this memorandum opinion and order is filed to file a third amended complaint. If he repleads, defendants may move anew to dismiss, if they have a basis to do so.

\*   \*   \*

Accordingly, for the reasons explained, the court denies Genesis' motion to dismiss under Rule 12(b)(1), grants the Moving Defendants' motions to dismiss under Rule 12(b)(6),

---

[3]And, as noted above, he contends that he inadvertently filed an incorrect version of the amended complaint. Had he timely filed a motion for leave to amend under Rule 15(a), the court would likely have granted his motion under the lenient standard that applies to motions filed under Rule 15(a). *See* Rule 15(a)(2) ("The court should freely give leave when justice so requires.").]

declines to exercise supplemental jurisdiction over Cunningham's remaining state-law malicious prosecution claim, and grants Cunningham one final opportunity to replead.

**SO ORDERED**.

January 14, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE